```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EROLL EBANKS,

                              Plaintiff,              REPORT AND
                                                      RECOMMENDATION
        -against-                                     22-cv-02350 (JS)(SIL)

GUSTAVO RUIZ, CARLOS RIVERA, and
STREAM AUTO OUTLET,

                              Defendants.
-----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this bank fraud and breach of contract action, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Defendants' Gustavo Ruiz ("Ruiz"), Carlos Rivera ("Rivera"), and Stream Auto Outlet ("Stream," collectively "Defendants") motion to dismiss *pro se* Plaintiff Eroll Ebanks's ("Ebanks" or "Plaintiff") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Defendants' Motion to Dismiss ("Defendants' Motion" or "Def. Mot."), Docket Entry ("DE") [8]. By way of Complaint dated March 25, 2022, Plaintiff alleged a cause of action for bank fraud pursuant to 18 U.S.C. § 1344, as well as various state law claims. *See* Complaint ("Compl"), DE [1-1]. In opposition to Defendants' Motion, Ebanks asserted two additional federal causes of action – a false advertising claim pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and an extortion claim pursuant to the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b – that were not alleged in

the Complaint.[1]  *See* Plaintiff's Affidavit/Affirmation in Opposition to Defendants' Motions to Dismiss ("Plaintiff's Opposition" or "Opp.") DE [14].  For the reasons set forth herein, the Court respectfully recommends that Defendants' Motion be granted in its entirety and that the Complaint be dismissed with prejudice as to those causes of action that serve as a basis for this Court's subject matter jurisdiction and without leave to amend.

I.   BACKGROUND

   A.  Facts

In light of the liberal pleading standard applicable to *pro se* complaints in this Circuit, *see Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir. 2002), the Court draws the following facts from the Complaint, as well as Plaintiff's Opposition and annexed exhibits.  *See Washington v. Westchester Cnty. Dep't of Correction*, No. 13-cv-5322, 2015 WL 408941, at *1, n. 1 (S.D.N.Y. Jan. 30, 2015) ("While the Court ordinarily may not consider factual allegations contained in opposition papers to a motion to dismiss, given Plaintiff's *pro se* status, the Court will consider new factual allegations contained in Plaintiff's opposition.").[2]

---

[1] Although a "*pro se* plaintiff may not raise entirely new causes of action for the first time in his opposition papers . . . the Court may consider new claims appearing for the first time in briefing if the claims could have been asserted based on the facts alleged in the complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (internal quotation marks omitted); *see also Pierre v. Capital One Fin. Corp.*, No. 21-cv-30, 2022 WL 801321, at *4, n. 11 (E.D.N.Y. Mar. 16, 2022).  Here, the Court determines that both claims may be considered based on the facts alleged in the Complaint.

[2] The Court notes that the factual allegations in the Complaint and Plaintiff's Opposition are difficult to decipher.

2

Plaintiff is a New York resident. *See* Compl. ¶ 1. Defendants Ruiz and Rivera operate or are employed by Defendant Stream, a car dealership in Valley Stream, New York. *Id.* at ¶¶ 2, 3. At some time on or before July 2, 2021 – Plaintiff does not specify – Ebanks viewed Defendants' online advertisement for a 2018 BMW 7 Series car (the "Vehicle") at a discounted price of $46,986, with a market value of $51,990. Opp. at 4. Although he does not state an exact date, at some point thereafter, Ebanks visited Stream to purchase the Vehicle. Compl. ¶ 4. During the purchase process, Rivera informed Plaintiff that the price of the Vehicle was in fact different than that advertised online. Opp. at 4. Rivera also stated that Ebanks would not receive financing for the Vehicle unless he agreed to a $10,000 deposit and to purchase certain warranties. Compl. ¶ 5. Plaintiff alleges that on July 2, 2021 he entered into a written agreement to purchase the Vehicle for $55,000, including a $10,000 down payment, but without any warranties. *Id.* at ¶ 4. The Retail Installment Contract (the "Contract") signed by Ebanks sets forth a total cash price of $71,253.95, inclusive of $6,253.95 in sales tax and the $10,000 down payment. *See* Ex. C to Opp.

Plaintiff now claims that Defendants deceived him into paying a higher price for the Vehicle than agreed upon during the purchase process. Compl. ¶ 6. According to Ebanks, he signed the Contract while the total price was hidden from view via an e-signature on Rivera's desktop computer. *Id.* at ¶¶ 6-7. More specifically, Defendants charged Ebanks over $10,000 for warranties to which he did not agree. *Id.* at ¶ 8.

3

In any event, Plaintiff never took possession of the Vehicle. *Id.* at ¶ 17. On or around July 26, 2021, Ruiz emailed Ebanks and indicated that if Plaintiff continued to refuse to pick up the Vehicle, he would be forced to abandon it on the street. *See id.*; Ex. G to Opp. Ebanks subsequently received several parking tickets, although he successfully challenged these tickets in court. Compl. ¶¶ 17-18.

In or about August 2021, Plaintiff filed a complaint with the New York Department of Consumer Affairs ("DCA") regarding the purchase. *Id.* ¶ 15. A DCA representative informed Ebanks that Defendants paid $6,253.95 in sales tax on the Vehicle and that Plaintiff would need to repay that amount if he did not wish to keep the Vehicle. *Id.* at ¶ 16; Ex. H to Opp. Ebanks does not allege whether he repaid the taxes to Defendants. On October 11, 2021, Plaintiff contacted Stream to request a refund of the entire purchase price of the Vehicle and was informed that Defendants would no longer speak to Ebanks without an attorney. Compl. ¶ 14. Plaintiff further alleges that Defendants refused to issue any refund unless he (Ebanks) removed a negative review of the car dealership that he had posted online. Opp. at 6. Plaintiff claims to have been damaged in the amount of $8,000,000, plus interest, although the Complaint does not explain how this figure was calculated.[3] Compl. ¶ 23.

## B. Procedural History

Ebanks commenced this action by way of Complaint dated March 25, 2022 in the Supreme Court of the State of New York, Kings County. *See* Complaint, DE [1-

---

[3] Apart from the $10,000 deposit paid to Defendants and "thousands of dollars" spent on taxi services, Ebanks claims that he has suffered emotional distress at work as a result of Defendants' conduct and has lost an average of $83,000 to $100,000 of income per month. *Id.* at ¶¶ 19-20.

1]. On April 25, 2022, Defendants removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). *See* Notice of Removal, DE [1]. Defendants then moved to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on June 24, 2022. *See generally* Def. Mot. Judge Seybert referred Defendants' Motion to this Court for Report and Recommendation on October 31, 2022. *See* October 31, 2022 Referral Order.

## II.     LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d

5

341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)).  "[T]hreadbare recitals of the elements of a cause of action," however, that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  "The court's consideration on a motion under Fed. R. Civ. P. 12(b)(6) is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) (citing *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see also Burton v. Am. Fed'n of Gov't Employees (AFGE) 1988*, No. 11-cv-1416, 2012 WL 3580399, at *5 (E.D.N.Y. Aug. 17, 2012).

### B. *Pro Se* Pleadings

It is well-established that pleadings by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted).  The Second Circuit has held that a court reviewing a *pro se* complaint must "construe the

6

complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted); *see also Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances" so that *pro se* plaintiffs do not "forfeit their rights by virtue of their lack of legal training"). The court, however, "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. Am. Educ. Servs./PHEAA*, No. 12-cv-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sep. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)). Moreover, as set forth above, the Court, in its discretion, can take notice of facts and causes of action asserted for the first time by a *pro se* plaintiff in opposition to a motion to dismiss. *See Washington,* 2015 WL 408941, at *1, n. 1; *Davila,* 343 F. Supp. 3d at 267.

### III.  DISCUSSION

Defendants' Motion seeks dismissal of Plaintiff's Complaint in its entirety. Applying the standards outlined above, and for the reasons set forth below, the Court respectfully recommends that Defendants' Motion be granted, and that the Complaint be dismissed with prejudice as to the causes of action that would provide subject matter jurisdiction and without leave to amend.

#### A. Federal Law Claims

Taking the Complaint and Plaintiff's Opposition together, Ebanks asserts three claims under various federal statutes: (1) bank fraud pursuant to 18 U.S.C. § 1344, (2) false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and (3) extortion pursuant to 15 U.S.C. § 45b, the CRFA. Because Plaintiff is attempting

7

to invoke statutes that do not provide for a private right of action, and because he lacks standing under the Lanham Act, the Court respectfully recommends that the claims be dismissed.

1. Bank Fraud

As to the bank fraud claim, 18 U.S.C. § 1344 is a criminal statute and does not create a private right of action. *See Simmons v. Nationstar Mortgage*, No. 20-cv-1066, 2021 WL 950022, at *3 (E.D.N.Y. Mar. 12, 2021) (dismissing bank fraud claim brought under 18 U.S.C. § 1344 by a civil plaintiff); *Joseph v. Emigrant Funding Corp.*, No. 17-cv-595, 2018 WL 1368911, at *2 (E.D.N.Y. Mar. 16, 2018) (holding that plaintiff cannot bring a private suit to enforce a criminal statute). Accordingly, Defendants' Motion as to this cause of action should be granted.

2. False Advertising

With respect to his false advertising claim, Plaintiff, as a consumer, lacks standing. *See Crab House of Douglaston, Inc. v. Newsday, Inc.*, 418 F. Supp. 2d 193, 214 (E.D.N.Y. 2006) (dismissing claim under § 43(a) of the Lanham Act brought by consumers for lack of standing); *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 658 (2d Cir. 1996) (stating that "*only* commercial entities with a reasonable interest to be protected may sue" under the Lanham Act) (emphasis in original). As a result, this claim should be dismissed as well.

3. Extortion

Lastly, Plaintiff's extortion claim fails. The CRFA prohibits service providers from entering into contracts barring consumers from publishing reviews of the goods,

8

services or conduct of the service provider. 15 U.S.C. § 45b. Nevertheless, this statute may only be enforced by the Federal Trade Commission or by states' attorneys general. *See Precision Contracting Sols., LP v. ANGI Homeservices, Inc.,* 415 F. Supp. 3d 113, 120 (D.D.C. 2019) (holding that nothing in the text of CFRA suggests that there is a private right of action); *Quigley v. Yelp, Inc.*, No. 17-CV-03771-RS, 2018 WL 7204066, at *3 (N.D. Cal. Jan. 22, 2018) (dismissing cause of action under CFRA brought by an individual plaintiff). Accordingly, the Court recommends that this remaining federal statutory cause of action also be dismissed.

## B. <u>Supplemental Jurisdiction Over State Law Claims</u>

Having recommended that Plaintiff's federal claims be dismissed, the Court further recommends declining to exercise supplemental jurisdiction over any state law causes of action. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.") (internal quotation marks omitted)); *see also Quiroz v. U.S. Bank Nat'l Ass'n*, No. 10-cv-2485, 2011 WL 2471733, at *8 (E.D.N.Y. May 16, 2011) (recommending that the district court decline to exercise supplemental jurisdiction), *report and recommendation adopted*, 2011 WL 3471497 (E.D.N.Y. Aug. 5, 2011).

Indeed, in the interest of comity, the Second Circuit has instructed that, absent exceptional circumstances, where federal claims can be disposed of pursuant to Rule 12(b)(6), courts should "abstain from exercising pendent jurisdiction." *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-cv-6497, 2007 WL 1703914, at *5 (W.D.N.Y.

9

June 8, 2007), *aff'd sub nom. Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122 (2d Cir. 2008) (quoting *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 53 (2d Cir. 1986), *cert. denied*, 476 U.S. 1159, 1159, 106 S. Ct. 2278, 2278 (1986)); *see also City of Chi. v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988)) ("[T]he statute reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a 'federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity.'"). Accordingly, the Court respectfully recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Quiroz*, 2011 WL 2471733, at \*8 (recommending that the district court decline to exercise supplemental jurisdiction over state law claim once federal claims were dismissed).

C. **Leave to File an Amended Complaint**

Although Plaintiff did not request leave to amend, the Court may grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held that "a pro se litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984) ); *see also Thompson v. Carter,* 284 F.3d 411, 419 (2d Cir. 2002) ("The liberal pleading standards applicable to pro se civil rights complaints in this circuit require that the district court give [plaintiff] an opportunity to flesh out his somewhat skeletal complaints before dismissing them."). Nevertheless, "a district

10

court may deny leave to amend when . . . amendment would be futile because the problem with the claim 'is substantive . . . [and] better pleading will not cure it.'" *Reynolds v. City of Mount Vernon*, 14-CV-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, having recommended that Ebanks's federal claims be dismissed because 18 U.S.C. § 1344 and 15 U.S.C. § 45b do not provide private rights of action and 15 U.S.C. § 1125(a) does not allow for claims by consumers, the Court determines that amendment would be futile. There are no additional factual allegations Plaintiff could offer that would cure the defects in his federal causes of action. Accordingly, the Court recommends that Ebanks be denied leave to file an amended complaint.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Defendants' Motion be granted in its entirety and that the Complaint be dismissed with prejudice as to the federal causes of action asserted and without leave to amend.[4]

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defendants are directed to serve a copy of it on *pro se* Plaintiff via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See*

---

[4] In reaching this conclusion, the Court expresses no opinion as to the viability of Plaintiff's state law claims over which it has no independent jurisdiction.

11

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
             January 24, 2023

                                                /s/ Steven I. Locke
                                                STEVEN I. LOCKE
                                                United States Magistrate Judge